# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60266
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 1, 2014

Lyle W. Cayce
Clerk

BLACK FARMERS AND AGRICULTURALISTS ASSOCIATION,
INCORPORATED; THOMAS BURRELL,

Plaintiffs - Appellants

v.

JAMES M. HOOD, III, Attorney General, State of Mississippi,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:13-CV-763

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellants Black Farmers Agriculturalists Association, Inc.,
and its president, Thomas Burrell (collectively, "BFAA"), appeal the denial of
BFAA's motion for leave to amend its complaint and the dismissal of BFAA's
claims against Defendant-Appellee James Hood, Attorney General of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-60266

Mississippi (the "Attorney General"). We hold that both the denial of leave to amend and the dismissal of BFAA's lawsuit were proper.

BFAA filed an initial complaint asserting claims against the Attorney General in his official capacity. The next day, BFAA filed an amended complaint virtually identical to its initial complaint. The Attorney General moved to dismiss BFAA's amended complaint on sovereign immunity grounds. BFAA responded by filing a motion for leave to file a second amended complaint to "address[ ] all of the alleged concerns and defects" set forth in the Attorney General's motion to dismiss. BFAA's proposed second amended complaint asserted claims against the Attorney General in his individual capacity as well as various claims against additional, unrelated defendants. The district court denied BFAA's motion for leave to amend on futility grounds with regard to the claims against the Attorney General in his individual capacity. With regard to the other claims, the district court reasoned that after the dismissal of the claims against the Attorney General, "it [would] not make sense to transform [BFAA's] lawsuit [against the Attorney General] into a new one against newly proposed defendants over a series of events which bear no apparent relation to the original claim brought against [the Attorney General]." The district court ordered the cause against the Attorney General dismissed with prejudice.

In light of the district court's opinion, we read the district court's order to dismiss with prejudice only BFAA's claims against the Attorney General in his official capacity. Because the district court denied BFAA leave to amend its complaint a second time, the claims BFAA sought to raise in its second amended complaint were never properly before the district court. BFAA may pursue those claims in a separate action.

We AFFIRM the district court for essentially the reasons stated in its opinion.